UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GAYLE L. BAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 04-12101-NG |
| UNITED STATES OF AMERICA AND | ) |
| MELISSA PARENT | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT

Defendants, United States of America and Melissa Parent, through their attorney, file the following Answer to plaintiff's Amended Complaint.

In response to the numbered paragraphs of plaintiff's Amended Complaint, defendants respond as follows:

1. This paragraph of the Amended Complaint is a jurisdictional assertion to which no response is required.

2. The defendants admit the plaintiff resides in Massachusetts and that the automobile accident occurred in Lowell, Massachusetts. The remainder of paragraph 2 is a jurisdictional assertion to which no response is required.

3. The defendants admit the allegations of paragraph 3, except that it denies that plaintiff was operating a van.

4. The defendants admit that the vehicle operated by plaintiff and the vehicle operated by defendant Parent came into contact. The remainder of paragraph 4 is denied.

5. The defendants deny the allegations contained in paragraph 5.

6. The defendants deny the allegations contained in paragraph 6.

7. The defendants deny the allegations contained in paragraph 7.

8. The defendants deny the allegations contained in paragraph 8.

9.	The defendants admit the allegations of paragraph 9.

The final paragraphs beginning with the word "WHEREFORE" set forth demands for judgment for which no responsive pleading is required.  To the extent a response may be required, the allegations set forth in these paragraphs are denied.

All allegations not specifically admitted herein are specifically denied.

### First Defense

The plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

No negligent act or omission by any employee of the United States, while acting within the course and scope of his duty caused, in any way contributed to, any damage allegedly sustained by the plaintiff.  The injuries and damages alleged were not proximately caused by any fault and/or negligence for which the United States is responsible or liable.

### Third Defense

The plaintiff's injuries were caused solely through her comparative negligence by failing to yield the right of way by driving through a stop sign into oncoming traffic.

### Fourth Defense

Plaintiff's  fault and negligence in causing this alleged accident must be compared against the fault and negligence, if any, of defendants, and plaintiff's recovery, if any, must be diminished in proportion to plaintiff's fault and negligence in causing the alleged accident.  Further, plaintiff is prohibited from recovering any amount against defendants if the negligence of plaintiff is determined to be greater than any fault of defendants.

### Fifth Defense

Pursuant to 28 U.S.C. § 2675(b), plaintiff is prohibited from claiming or recovering an amount against the defendants in excess of that set forth in plaintiff's administrative claim presented to the United States Navy.

### Sixth Defense

The defendant employee cannot be sued personally under the FTCA.

WHEREFORE, having fully answered plaintiff's Amended Complaint, defendants respectfully moves this Court to dismiss plaintiff's Amended Complaint, for its costs incurred herein, and for such further relief as is just and proper.

    Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Jeffrey M. Cohen
JEFFREY M. COHEN
Assistant U.S. Attorney
John Joseph Moakley U. S. Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3100
(617) 748-3969 (facsimile)

**CERTIFICATE OF SERVICE**

I certify that on March 10, 2005, I caused a copy of the foregoing Answer to be served on plaintiff by first class mail, postage pre-paid to Maria Murber, 264 Broadway, Suite 602, Methuen, MA 01844.

   /s/ Jeffrey M. Cohen
Jeffrey M. Cohen
Assistant U.S. Attorney